IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LASHAWNDA RUFFIN and CASEY EVANS, | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION 19-00427-KD-B |
| WILLIAM EDWARD CLARK, KINDER, MORGAN, INC., et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

This action was removed from the Circuit Court of Choctaw County, Alabama and is now before the Court on Plaintiffs' Motion to Remand (Doc. 7), Defendants' Response in Opposition to Remand (Doc. 9), Plaintiffs' Reply (Doc. 10), Plaintiffs' Motion for Attorney's Fees (Doc. 11), and Defendants' Response (Doc. 13). Upon consideration, and for the reasons set forth herein, the Motion for Attorney's Fees is **DENIED**, Plaintiffs' Motion to Remand is **GRANTED** and this action is **REMANDED** to the Circuit Court of Choctaw County, Alabama from whence it came. Accordingly, the Clerk is **DIRECTED** to remand this case to the Circuit Court of Choctaw County, Alabama.

I. **Procedural History**

Plaintiffs commenced this litigation in the Circuit Court of Choctaw County, Alabama on October 5, 2017 (15-CV-2017-900073). Choctaw County Circuit Court granted Defendant ALFA's and Defendant State Farm's election to opt out of the case. (Doc. 1 at 4). After the Circuit Court granted ALFA's Motion to Opt Out on April 26, 2018, the parties became diverse. (Id.). On May 17, 2017, Defendants filed a notice of removal on the basis of diversity jurisdiction. (Doc. 1 at 5). Ruffin v. Clark, Civil Action No. 18-00231-KD-B (S.D. Ala. 2018). On June 15, 2017,

1

Plaintiffs filed a Motion to Remand. (Doc. 1 at 5). On November 16, 2018, this Court remanded this case to Circuit Court because Defendants failed to establish the amount in controversy exceeded $75,000. (Id.).

Defendants filed a second Notice of Removal (Doc. 1) to which Plaintiffs filed a second Motion to Remand (Doc. 7). Defendants allege Plaintiffs deliberately and intentionally failed to disclose information about the amount in controversy in order to prevent removal to federal court under Section 1446(c). 28 U.S.C. 1446(c).

Plaintiffs filed a motion for Attorney's Fees asserting Defendants lacked an objectively reasonable basis for removal. (Doc. 11). Defendants filed a Response in Opposition to Plaintiffs' motion for Attorney's Fees. (Doc. 13).

## II.    Standard of Review

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged, if the civil action arises under the federal court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). Diversity jurisdiction gives federal district courts original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000. Id. Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants; no defendant may be a citizen of the forum State. 28 U.S.C. §§ 1332, 1441.

Additionally, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly ... [and] ... all doubts about jurisdiction should be resolved in favor of remand to state court." University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("removal statutes are construed narrowly; where plaintiff and defendant clash

about jurisdiction, uncertainties are resolved in favor of remand"); Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A., 882 F. Supp. 1056, 1057 (S.D. Fla. 1994) (The court "must remand to state court any case that was removed improvidently or without necessary jurisdiction"); see also Jerido v. American General Life and Accident Insurance Company, 127 F. Supp. 2d 1322, 1324 (M.D. Ala. 2001) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

"In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1288 n. 4 (11th Cir. 1998) citing Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994). To do so defendants must produce "facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence. Hobbs v. Blue Cross Blue Shield of Ala., 276 F. 3d 1236, 1242 (11th Cir. 2001) (citations omitted). Jurisdictional facts supporting removal are judged at the time of the removal. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (citing Allen v. R & H Oil Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

**III.    Discussion**

Removal based on diversity of citizenship may not occur more than one year after commencement of the action unless the court finds the plaintiff acted in bad faith in order to prevent removal. 28 U.S.C. § 1446(c). When an action has "commenced" is a question of state law. Green v. Hyundai Power Transformers USA, Inc., 2014 WL 2862894, n. 2 (M.D. Ala. 2014) (citing Barnett v. Sylacauga Autoplex, 973 F.Supp. 1358, 1362 (N.D. Ala. 1997)). Rule 3 of Alabama Rules of Civil Procedure states, "an action is commenced by the filing of complaint

with the court." If a new party is added or a complaint is amended, the date the action is commenced could change. Id. at 1363 (citing Corbitt v. Mangum, 523 So.2d 348, 350-51 (Ala. 1988)). Here, Defendants do not assert Plaintiffs joined a new party nor do Defendants assert Plaintiffs amended their complaint. As such, the date this action was commenced was October 5, 2017. (Doc. 1 at 3). One year from this "commencement date" was October 5, 2018. Therefore, the remaining question is whether Section 1446(b)'s one-year bar applies. This bar does not apply if the plaintiffs acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1).

"[T]he plaintiff's claims are in bad faith if, by [his] actions, [he] attempted to disguise the existence of the removability of the case until the one-year limitation had run." McAdam Properties, LLC v. Dunkin' Donuts Franchising, LLC, 290 F. Supp. 1279, 1285, 1291 (N.D. Ala. 2018) (citing Barnett v. Sylacauga Autoplex, 973 F.Supp. at 1367); Hopins v. Nationwide Agribusiness Insurance Company, 2018 WL 3428610, *4 (M.D. Ala. 2018) (same); see also 28 U.S.C. § 1446(c)(3)(B) (deliberately failing to disclose the true amount in controversy in order to prevent removal is bad faith). A plaintiff was found to have acted in bad faith when the plaintiff made an affirmative representation that less than $75,000 in damages would be sought but then amended the complaint after the one-year limit expired, seeking damages in excess of $75,000. Hill v. Allianz Life Ins. Co. of North America, 51 F.Supp.3d 1277, 1281 (M.D. Fla. Oct. 7, 2014). The court noted there was no plausible reason for a sudden increase in the amount sought aside from bad faith. Id.; see also Morrison v. National Ben. Life Ins. Co., 889 F.Supp. 945, 950 (S.D. Miss. June 30, 1995) (finding plaintiffs acted in bad faith when each concealed the material fact that each sought damages exceeding $75,000 in both initial pleadings and discovery responses).

In Public Service Towers, Inc. v. Best Buy Stores, L.P, 28 F.Supp.3d 1313, 1314-15 (M.D.

Ga. June 24, 2014), the court declined to find bad faith where defendants failed to submit evidence that plaintiffs "knowingly misrepresented the value of its claim" when it first represented damages less than $75,000; there was no evidence the amount in controversy "clearly exceeded $75,000 within a year after the state action commenced," and; there was no evidence plaintiff falsely responded to discovery requests.

Unlike the plaintiffs in Morrison v. National Ben. Life Ins. Co., Plaintiffs here did not affirmatively cap their damages in their complaint to an amount less than $75,000. 889 F.Supp. at 950. On May 3, 2018, Plaintiffs responded to Requests for Admissions stating in pertinent part, "Plaintiff is without sufficient knowledge to admit or deny this request for multiple reasons. First, discovery is still pending in this case and testimony and evidence that will establish Plaintiff's damage amount has not been fully developed. Secondly, the exact amount of Plaintiff's damages, if any, will be determined by a Choctaw County, Alabama jury and it is presently impossible to determine what they might award for damages in regards to compensatory damages, pain/suffering/mental anguish and punitive damages." (Doc. 1-1 at 655-56, 657-58). On May 17, 2018, both Plaintiffs responded to interrogatories that they were "unable to compute [damages] at this time." (Doc. 1-2; Doc. 1-3).

However, even though there is no evidence Plaintiffs' responded falsely to discovery requests about the amount of damages, Defendants do submit evidence that when Plaintiff Ruffin responded to interrogatories in May 2018, she had incurred expenses exceeding $75,000 (Doc. 1 at 9-10). Thus, Defendants contend Plaintiff Ruffin acted in bad faith by failing to reveal that her medical expenses exceeded $75,000. Moreover, Defendants assert the nature of Plaintiff Evans' injuries, particularly their ongoing nature coupled with the uncertainty regarding her ability to return to work support the conclusion that she too knew her damages exceeded $75,000.

Plaintiffs have not affirmatively misrepresented the value of the damages sought and did not falsely respond to discovery requests. Rather, Plaintiff Evans stated in May 2018 that she could not determine her damages at that point because of the ongoing nature and severity of her injuries; Plaintiff Ruffin responded similarly. The Plaintiffs had not yet hired experts to testify as to causation between the medical bills and damages to be sought.

Upon consideration of the evidence submitted, the Court cannot conclude that Plaintiffs' failure to disclose damages in May 2018 was a manipulation of the removal rules. Thus, the evidence submitted does not support a finding of bad faith sufficient to warrant a deviation from the one-year rule. Defendants removal is therefore untimely. Upon consideration and for the reasons set forth herein, Plaintiffs' Motion to Remand is **GRANTED**.

### IV. Plaintiffs' Motion for Attorney's Fees

Plaintiffs argue that Defendants had no reasonable basis for removal, therefore this case was improvidently removed and Plaintiffs are entitled to attorney fees, costs and expenses. (Doc. 11). Defendants respond that they acted reasonably based upon information available at the time of removal by removing this case. Defendants assert Plaintiffs acted in bad faith by deliberately failing to disclose the amount in controversy in order to prevent removal. Therefore, removal was proper pursuant to 28 U.S.C. § 1446(c)(1) and (3)(B).

Attorney's fees, costs and expenses may be awarded on a motion to remand "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005). In Martin, the Supreme Court set forth that the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a

general matter, when the statutory criteria are satisfied." Id. The Court further stated that

> [i]n light of these " 'large objectives,' " ... the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.... In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

Id.

Although Plaintiffs have prevailed on their motion to remand, in consideration of the test set forth in Martin, the court finds that this is not a case of improvident removal. Defendants presented an objectively reasonable basis for seeking removal, the delay in disclosing accrued medical bills in response to interrogatories. Therefore, the undersigned declines to award expenses in this matter and Plaintiffs' motion for attorney's fees, costs, and expenses is **DENIED**.

**DONE** and **ORDERED** this the **4th** day of **November 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**